IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 15, 2022

**EMMANUEL DESHAWN BOWLEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. CC-2016-CR-384    Jill Bartee Ayers, Judge**

_____

**No. M2021-00390-CCA-R3-PC**

_____

The Petitioner, Emmanuel Deshawn Bowley, appeals from the Montgomery County Circuit Court's denial of his petition for post-conviction relief from drug- and weapon-related convictions, for which he is serving an effective sixteen-year sentence. On appeal, he contends that (1) the post-conviction court erred in denying relief based upon his ineffective assistance of counsel claims related to trial counsel's performance in the appeal of the convictions and (2) he is entitled to post-conviction relief due to the existence of multiple instances of ineffective assistance of counsel in the appeal of the convictions. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

Gregory D. Smith, Clarksville, Tennessee, for the Appellant, Emmanuel Deshawn Bowley.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Robert Nash, District Attorney General; and Chris W. Dotson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted by a Montgomery County jury of conspiracy to distribute more than 300 grams of cocaine, possession of more than 300 grams of cocaine with the intent to sell, misdemeanor possession of marijuana, attempted possession of a deadly weapon during the commission of a dangerous felony, and attempted possession of illegal drug paraphernalia. *State v. Emmanuel Deshawn Bowley*, No. M2018-00234-CCA-R3-CD, 2019 WL 3061554, at *1 (Tenn. Crim. App. July 12, 2019), *perm. app. denied* (Tenn. Oct. 11, 2019). The facts presented at the trial showed that the Petitioner sold and

delivered significant amounts of cocaine and marijuana to several codefendants, which activity was discovered as a result of a wiretap investigation. *See id.* Before the trial, the trial court granted the Petitioner's motion to sever his prosecution from that of the codefendants, but it denied his motion for a severance of offenses. *Id.* The Petitioner filed a motion to suppress the evidence obtained as a result of the wiretaps, which the court denied. *Id.*

On appeal of his convictions, the Petitioner raised four issues: (1) denial of the motion for severance of the offenses, (2) denial of the motion to suppress the wiretap evidence, (3) admission of evidence seized from a co-defendant, and (4) sufficiency of the evidence. *Id.* This court denied relief. *Id.* at *3-5. In its opinion, the court noted that the transcript of the hearings on the severance motion and the suppression motion had not been included in the appellate record. *Id.* at *3-4. As a result, the panel treated the severance issue as waived but considered the suppression issue based upon the limited record available. *Id.* The court also noted that despite the Petitioner's challenge to the sufficiency of the evidence to support his convictions, his brief failed to contain an argument on this issue. *Id* at *5. While noting that the Petitioner had risked waiver by failing to comply with the Rules of Appellate Procedure and the Rules of the Court of Criminal Appeals, the panel nevertheless considered the sufficiency issue on its merits. *Id.* Our supreme court denied the Petitioner's application for permission to appeal. *State v. Emmanuel Deshawn Bowley*, No. M2018-00234-SC-R11-CD (Tenn. Oct. 11, 2019) (order).

The Petitioner filed a pro se post-conviction petition. Counsel was appointed and filed an amended petition. As relevant to this appeal, the petition and amended petition alleged that the Petitioner had received the ineffective assistance of trial counsel because counsel failed to present a complete appellate record relative to the severance and suppression issues and that he had received the ineffective assistance of trial counsel in the appeal due to the cumulative effect of counsel's inactions.

At the post-conviction hearing, Nineteenth Judicial District Public Defender Roger Nell, an expert in criminal law, testified that in most wiretapping cases, more than one application for a wiretap is made. In Mr. Nell's opinion based upon a review of the Court of Criminal Appeals' opinion in the appeal of the Petitioner's convictions, the panel had not understood that a series of wiretapping applications had been involved in obtaining the evidence that was the subject of the motion to suppress. Mr. Nell said that his review of the transcript showed that multiple applications had been made. In Mr. Nell's opinion, providing a transcript of the motion to suppress was important (1) to avoid waiver, and (2) to avoid "the court attempting to go through the record and piece together what happened and maybe coming up with an impression that's not supported by the evidence." Mr. Nell noted that the arguments in an appellate brief were not evidence and that the Court of Criminal Appeals relied upon the contents of the record, rather than the arguments of counsel, in determining what occurred in the trial court. In Mr. Nell's opinion, these

concepts also applied to the appellate record as it related to the severance issue. Mr. Nell opined that trial counsel's performance had been deficient in failing to file an adequate record for appellate review and that the Petitioner had been prejudiced because the Court of Criminal Appeals could not properly review the affected issues due to its not having all of the facts upon which to make its decision. Mr. Nell stated, however, that he was "not trying to forecast what the court would have said."

When asked about the Court of Criminal Appeals' opinion in the appeal of the convictions having used both singular and plural language when referring to the three wiretap applications made in the investigation which led to the Petitioner's convictions, Mr. Nell acknowledged that the opinion referred to "each wiretap" and "wiretap applications." Mr. Nell said, however, that upon review of the entire opinion, the court appeared to have "treat[ed] it as one application." He agreed that a reasonable conclusion could be drawn that the court may have referred to "the application" as a collective term referring to the "application for the investigation."

Trial counsel testified that he met with the Petitioner eight or nine times when the Petitioner was on bond and that he met with the Petitioner about eight times after the Petitioner was jailed on a warrant in another case. Counsel said that after the Petitioner was transferred to the Department of Correction, they communicated by mail or telephone regarding the appeal.

Trial counsel testified that about twenty-five defendants were charged in the case and that the trial court granted the motion to sever the Petitioner's case from that of the codefendants. Counsel said the court denied the motion for severance of offenses.

Trial counsel testified that the wiretap had a "central role" in the case and that he thought the State would not have had a strong case if the wiretap had not been obtained. Counsel said the trial court denied his motion to suppress the wiretap evidence.

Trial counsel testified that issues related to the suppression and severance of offenses motions were raised in the appeal. He acknowledged that the Petitioner never told him not to "bother getting transcripts."

Regarding the suppression hearing, trial counsel agreed that he questioned the officer who made the applications about whether there "should have been one page versus two" and that counsel argued "about there being two pages versus one." He agreed that he argued that a "series of new applications . . . didn't seem to jump all the hoops." Counsel agreed that the Court of Criminal Appeals' opinion indicated, "[I]t's unclear if they knew of the series versus who was signing what and so forth," and that he had "brought all that up" at the suppression hearing.

Trial counsel agreed that he had included the trial transcript in the appellate record. Counsel agreed that the opinion stated the Petitioner had risked waiver of a review of the sufficiency of the evidence because he failed to include an argument in support of this issue in his brief. Counsel acknowledged that he had not argued in support of the issue and had not included citations or references to the record for the issue. He agreed that the Court of Criminal Appeals had addressed the issue in the interests of justice.

The Petitioner testified that he did not give trial counsel permission to omit the transcript of the hearing on the suppression and severance motions from the appellate record. The Petitioner said that he and counsel discussed raising the suppression and severance issues in the appeal and that he never told counsel not to raise the issues.

A transcript of the hearing at which the suppression and severance issues were heard was received as an exhibit. It reflects that three wiretap applications and a copy of the initial application were received as exhibits.

The post-conviction court denied relief in a written order. The court rejected the Petitioner's argument that counsel's failure to file the suppression and severance transcript had been a structural error which required automatic reversal. The court determined that *Strickland v. Washington*, 466 U.S. 668 (1984), provided the appropriate framework for evaluating the Petitioner's claims. Applying *Strickland*, the court found that trial counsel had performed deficiently in failing to file the transcript of the suppression and severance motions but that the Petitioner failed to prove that he was prejudiced by the failure. The court noted that the Petitioner had raised several claims in his petition which were not addressed at the post-conviction hearing, including the claim that he was entitled to relief based upon the cumulative effect of counsel's deficient performance. The court concluded that the Petitioner had failed to prove his claims and that he was not entitled to post-conviction relief. This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's

performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

# I

## Failure to File Transcript

The Petitioner contends that the post-conviction court erred in denying relief on the basis that he received the ineffective assistance of counsel because trial counsel failed to ensure that the transcript of the hearing at which the suppression and severance issues were adjudicated was included in the appellate record in the previous appeal. He argues that Mr. Nell testified, without contradiction, that counsel's performance had been deficient in this regard and that the Petitioner had been prejudiced by the lack of the transcript in the appellate record.

The post-conviction court found that the Petitioner had established deficient performance, and the evidence does not preponderate against its determination. *See Henley*, 960 S.W.2d at 578; *see also Fields*, 40 S.W.3d at 456-57. The court found, as well, that the Petitioner failed to show how he was prejudiced by the absence of the

transcript. The Petitioner argues that this court "reached a conclusion on invalid presumptions that the multiple wiretap applications were a single course of conduct and that the State properly followed the statute[']s mandate." He argues, as well, that the wiretap evidence was the lynchpin of the State's case. He does not offer any argument relative to the prejudice he alleges he suffered as a result of the absence of the transcript relative to the severance motion.

## A. Suppression Motion

In the appeal of the convictions, this court stated the following regarding the motion to suppress:

> The Defendant next contends that the trial court erred when it denied his motion to suppress evidence obtained pursuant to an unauthorized wiretap application. He contends that the wiretap applications did not comply with Tennessee Code Annotated section 40-6-304, which requires that the wiretap application identify the law enforcement officer and District Attorney General. The State responds that the Defendant has waived this issue for failure to include a transcript of the suppression hearing in the record and for including in the record a "piecemeal" version of the wiretap application as it was attached to pleadings at the trial court level. The State asserts that the wiretap application was proper because a separate document was attached to it identifying the proper parties, consistent with the requirements of section 40-6-304. We agree with the State.

> As we stated earlier, it is the Defendant's responsibility here to provide this court with a complete record of the proceedings below. *See* Tenn. R. App. P. 24(b). Without a transcript of the trial court's finding on the motion to suppress, we cannot determine whether "the evidence in the record preponderates against" the trial court's findings, as is the appropriate standard. *State v. Meeks*, 262 S.W.3d 710, 722 (Tenn. 2008). When reviewing a trial court's review of the issuing court's order permitting a wiretap, we must decide whether the trial court erred in concluding that the issuing court had a "substantial basis" for finding probable cause. *State v. King*, 437 S.W.3d 856, 864 (Tenn. Crim. App. Sept. 24, 2013) (citing *State v. Moore*, 309 S.W.3d 512, 523 (Tenn. Crim. App. 2009)).

> As the State points out, the wiretap application is included in the record as an attachment to the memorandum of law in support of the Defendant's motion to suppress. Also attached to the memorandum is an authorization for each wiretap signed by District Attorney General John Carney, identifying the agent seeking the wiretap. This evidence is sufficient

-6-

to review the narrow issue presented by the Defendant. The prevailing party "is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." *State v. Talley*, 307 S.W.3d 723, 729 (Tenn. 2010) (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). Based on the wiretap application and its attachment, we conclude that the evidence does not preponderate against the trial court's finding that the application properly complied with the requirements for a wiretap application. *See* T.C.A. § 40-6-304(a)(1) ("Each application for an order authorizing the interception of a wire, oral or electronic communication shall . . . state the investigative or law enforcement officer's authority to make the application and shall include the . . . [i]dentity of the investigative or law enforcement officer making the application, and the district attorney general authorizing the application[.]"). The Defendant is not entitled to relief on this issue.

*Emmanuel Deshawn Bowley*, 2019 WL 3061554, at *3-4.

We have reviewed the record of the Petitioner's appeal of his convictions. *See* Tenn. R. Evid. 201 (judicial notice). The appellate brief submitted by trial counsel on the Petitioner's behalf contained a detailed discussion of three wiretap applications which spanned almost two pages, in addition to the legal argument devoted to the issue. The State argued in its brief that the issue was waived for failure to include the hearing transcript but noted that "the application for wiretap is included in the record in piecemeal fashion as exhibits to pleadings filed by the parties." This court considered the issue on its merits based upon a determination that the record was sufficient to consider the issue, notwithstanding the absence of the hearing transcript. The court noted that the wiretap application and the authorization for each wiretap were in the record as attachments to the Defendant's memorandum of law on the suppression issue.

Our review of the record of the previous appeal reveals that it contains the suppression motion and the attachments referenced in this court's opinion. We acknowledge that this court's opinion referred to the "application" and the "applications." *See id.* It is apparent from the record of the previous proceedings that the relevant documents were included in the record. Likewise, this court's opinion considered the issue on the merits and noted its review of the relevant documents in the record. The Petitioner's expert opined that the Petitioner had been prejudiced by the absence of the transcript from the appellate record. However, the issue was adjudicated on its merits, and the record of the previous appeal reflects that the parties noted that multiple applications were at issue. The evidence does not preponderate against the post-conviction court's determination that the Petitioner failed to demonstrate prejudice from the absence of the hearing transcript

from the appellate record. *See Henley*, 960 S.W.2d at 578; *see also Fields*, 40 S.W.3d at 456-57. The Petitioner is not entitled to relief on this basis.

## B. Severance Motion

The Petitioner did not address at the post-conviction hearing and has not explained on appeal how he was prejudiced by trial counsel's failure to include the transcript which included the severance motion in the appellate record. We will not speculate in this regard. The evidence does not preponderate against the post-conviction court's determination that the Petitioner failed to prove prejudice. *See Henley*, 960 S.W.2d at 578; *see also Fields*, 40 S.W.3d at 456-57. The Petitioner is not entitled to relief on this basis.

## II

## Cumulative Effect of Counsel's Performance

The Petitioner argues that he is entitled to relief based upon the cumulative effect of trial counsel's multiple instances of deficient performance. The concept of cumulative error is that multiple errors, though harmless, cumulatively violate a defendant's right to a fair trial. *State v. Hester*, 324 S.W.3d 1, 76-77 (Tenn. 2010). The record reflects a single deficiency of counsel by failing to include the transcript of the hearing of the suppression and severance issues in the appellate record. Thus, the record does not reflect multiple instances of deficient performance by counsel, and as a result, no cumulative error is possible. We note, as well, that the Petitioner has made no argument on appeal relative to the alleged prejudice he suffered on the severance issue due to the absence of the transcript in the previous appeal. The Petitioner is not entitled to relief on the basis of cumulative error.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE